

**PIPER RUDNICK GRAY CARY**

DLA Piper Rudnick Gray Cary US LLP
One International Place, 21st Floor
Boston, Massachusetts 02110-2613
T 617.406.6000
F 617.406.6100
W www.dlapiper.com

MICHAEL D. VHAY
michael.vhay@dlapiper.com
T 617.406.6033

November 16, 2005

**HAND DELIVERY**

The Honorable William G. Young
Chief Judge, United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02110

    Re:    Coverall North America, Inc. v. Padilha, No. 05-11867 (MLW)
            Coverall North America, Inc. v. Lisboa, No. 05-11868
            Coverall North America, Inc. v. Canestraro, No. 05-11869
            Coverall North America, Inc. v. Martins, No. 05-11870
            Coverall North America, Inc. v. Pereira, No. 05-11871
            Coverall North America, Inc. v. Furtado, No. 05-11872
            Coverall North America, Inc. v. De Carvalho, No. 05-11873
            Coverall North America, Inc. v. Sodre, No. 05-11874
            Machado et al. v. Coverall North America, Inc., No. 05-11884

Dear Chief Judge Young:

    This is in response to a letter sent to you by Shannon Liss-Riordan yesterday. (Her letter references only the last of the cases listed above, but in truth it concerns all of them.)

    Attorney Liss-Riordan's letter appears to seek an order from your Honor directing an expedited hearing on Plaintiffs' Emergency Motion for a Preliminary Injunction Striking Defendant's Arbitration Policy as Unconscionable and Enjoining Defendant's Demands for Arbitration, or in the Alternative, Striking Portions of the Arbitration Policy and Consolidating Coverall's Eight Pending Arbitrations.

    For the reasons presented in my letter to the Court in the above-referenced matters dated October 31, 2005, these cases have been properly assigned to Judge Wolf, under the Local Rules. Coverall respectfully submits that Judge Wolf should be responsible for scheduling a hearing on Plaintiffs' Motion. (For its part, my client, Coverall North America, Inc., disputes Plaintiffs'

**Serving clients globally**



contention that there is an "emergency" here: Plaintiffs could have avoided the claimed "emergency" had they moved sooner for the relief they now seek.)

Should your Honor believe that there remains a legitimate dispute over assignment of these matters, Coverall requests that your Honor resolve that dispute, then permit the Judge to whom these cases are ultimately assigned decide when to hear Plaintiffs' Motion and Coverall's opposition to that Motion.

Cordially,

Michael D. Vhay

cc:  The Honorable Mark L. Wolf (by e-filing)
     The Honorable Joseph L. Tauro (by e-filing)
     Shannon Liss-Riordan, Esq.
     Traci S. Feit, Esq.

~BOST1:397667.v1